UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLIN R. BUCHTEL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:18-cv-00580 |
| 21ST MORTAGE CORPORATION, | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes MARLIN R. BUCHTEL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of 21ST MORTGAGE CORPORATION ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 56 year-old natural person residing in Wabash, Indiana, which lies within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a mortgage company offering "financing for customers interested in purchasing a manufactured home."[1] Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 620 Market Street, Knoxville, Tennessee.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately March 2018, Plaintiff began receiving calls to his cellular phone, (260) XXX-0189, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0189. Plaintiff is and always has been financially responsible for the cellular phone and its services.

---

[1] https://www.21stmortgage.com/web/21stSite.nsf/about-history.html

11. Defendant uses several different phone numbers when contacting Plaintiff, including but not limited to: (954) 938-0303, (866) 772-2069, and (865) 292-2120.

12. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

13. Defendant's phone calls to Plaintiff were regarding payments due ("subject debt") on a home purchase Plaintiff financed through Defendant.

14. Upon answering Defendant's phone calls, Plaintiff would experience a noticeable pause, lasting several seconds in length, before being connected with a live representative.

15. Upon speaking with Defendant, Plaintiff was informed that it was calling in regards to the subject debt.

16. Due to the incessant nature of Defendant's phone calls, in approximately late June/early July 2018, Plaintiff demanded that Defendant stop contacting his cellular phone.

17. Notwithstanding Plaintiff's demands, Defendant continued contacting Plaintiff's cellular phone up until the filing of the instant action.

18. In total, Plaintiff has received roughly 300 calls from Defendant, well over 100 of which were placed after Plaintiff demanded that Defendant stop calling his cellular phone.

19. In addition to the phone calls to Plaintiff's cellular phone, Defendant has also persistently and repeatedly placed harassing phone calls to Plaintiff's place of employment in an attempt to collect upon the debt.

20. Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in costs and expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits contacting persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The noticeable pause, lasting several seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being utilized to generate the phone calls.  Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

26. Defendant violated the TCPA by placing at least 100 phone calls to Plaintiff's cellular phone using an ATDS without his consent.  Any consent that Plaintiff may have given to Defendant by virtue of incurring the subject debt was specifically revoked by Plaintiff's demands that it cease contacting his cellular phone.

27. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant, after placing an incessant amount of phone calls to Plaintiff, was notified that Plaintiff did not wish to be contacted further. Despite having knowledge that Plaintiff did not wish to receive any further contacts, Defendant willfully violated the TCPA in an attempt to harass Plaintiff into submission.

WHEREFORE, Plaintiff, MARLIN R. BUCHTEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT**

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

31. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An

act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

"Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

32. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

33. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

34. Defendant's collection efforts directed towards Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

35. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent contact attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Plaintiff made a number of attempts to halt Defendant's conduct, including demanding that the contacts as stop. However, Defendant consciously continued its abusive and deceptive attempts to contact Plaintiff in order to extract payment.

36. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff made his demands known that she did not wish to receive any further phone calls, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, Defendant continued its deceptive conduct. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

37. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

38. In violating the TCPA, Defendant further violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19).  "In other words, an IDCSA claim may be based on one or more of the acts *or* representations on the list.  A claim may be based only on an enumerated act, and not a representation at all." *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

39. It was further unfair and abusive for Defendant to place repeated phone calls to Plaintiff's place of employment in an attempt to collect upon the subject debt. Such conduct was unfairly done with the intent that Plaintiff would feel so harassed and abused by Defendant's conduct that he would succumb to its harassing collection efforts.

40. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

41.  Although unsuccessful, Plaintiff made attempts to correct Defendant's deceptive acts by demanding that it cease contacting him. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. Defendant had ample knowledge that its calls were unwanted, yet, Defendant continued to call Plaintiff in an attempt to collect payment. This illustrates Defendant's artifice with intent to mislead Plaintiff. There would be little reason for Defendant to contact Plaintiff in violation of federal law and after becoming privy to his demands, unless Defendant was attempting to mislead Plaintiff into collecting payment from Plaintiff.  This illustrates that Defendant's conduct was incurable, which coerced Plaintiff into filing the instant action.

42. Upon information, Defendant conducts the above described behavior on a wide and frequent basis. This behavior is extremely unfair and abusive, and goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

43. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 18 through 22, Plaintiff has suffered damages as a result of Defendant's unlawful practices. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, MARLIN R. BUCHTEL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 31, 2018                                     Respectfully submitted,

s/ Nathan C. Volheim                                     s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                         Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                    Counsel for Plaintiff
Admitted in the Northern District of Indiana             Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (630) 581-5858 (phone)
(630) 575-8188 (fax)                                     (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                 thatz@sulaimanlaw.com