UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARTIN R. BUCHTEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:18-CV-580-JD-MGG |
| ) | |
| 21ST MORTGAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On May 14, 2019, Plaintiff filed his Motion for Extension of Discovery Deadline. Through his motion, Plaintiff asks the Court to extend the discovery deadline for the narrow purpose of allowing discovery on a log of incoming calls during a relevant time period that Defendant produced for the first time just days before the current discovery deadline of May 14, 2019. On the same day, Defendant filed its response in opposition to Plaintiff's requested extension. Plaintiff's motion became ripe on May 22, 2019, with no reply being filed. *See* N.D. Ind. L.R. 7-1(d)(2)(B).

As a preliminary matter, Defendant argues that Plaintiff's motion should be denied because Plaintiff did not comply with "Northern District of Indiana Civ. L.R. 37.1." [DE 27 at 2, ¶ 5]. Defendant is correct that Plaintiff did not include a separate certification that his counsel "personally consulted" with Defendant's counsel before filing this motion. However, Defendant's invocation of "Rule 37.1" is a bit misguided.

First, the Local Rules for the Northern District of Indiana were amended some time ago such that the rule Defendant attempts to cite has been enumerated as Local Rule 37-1 since at least January 1, 2012.

Second, Local Rule 37-1 does not require personal consultation among counsel before seeking a modification the Court's Rule 16(b) Scheduling Order. Rule 37-1 simply requires that the parties have "conferred in good faith or attempted to confer . . . in an effort to resolve the [discovery] matter raised in the motion without court action."

Third, failure to file the separate certification required by Local Rule 37-1 does not automatically result in denial of the motion. Rule 37-1(b) gives the Court discretion to deny a motion when the certification is not filed. And in this case, the Court declines to deny Plaintiff's motion based solely on his failure to file a separate certification of a pre-motion conference. Plaintiff reports that his counsel reached out to Defendant's counsel about the discovery matter at issue in the instant motion and that Defendant's counsel informed him via e-mail that the motion would be opposed. [DE 25 at 3, ¶ 13]. In so doing, Plaintiff complied with the spirit of Rule 37-1 and the Court will therefore focus on the merits of his motion rather than his technical shortcoming.

Fed. R. Civ. P. 16(b)(4) allows modifications of Rule 16(b) Scheduling Orders "for good cause and with the judge's consent." The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). "A party cannot show 'good cause' merely by demonstrating that an opposing party would not be prejudiced by the modification of a deadline . . . ." *Smith v.*

*Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *2 (N.D. Ind. Oct. 20, 1997); *see also Tschantz v. McCann*, 160 F.R.D. 568, 572 (N.D. Ind. 1995).

In this case, Plaintiff argues that good cause exists because the newly produced incoming call log "speaks to a critical issue in the instant matter," especially one particular phone call, and he needs time to pursue limited discovery about it. [DE 25 at 2]. Plaintiff also argues that the extension would not unduly prejudice any party because no dispositive motion deadline or trial date has been set.

Defendant, on the other hand, contends that Plaintiff has not demonstrated sufficient due diligence related to the incoming call log to establish the requisite good cause to extend the discovery deadline. Defendant explains that until May 7, 2019, Plaintiff only asked for Defendant's outgoing call log, not its incoming call log. Additionally, Defendant notes that Plaintiff received the relevant outgoing call log on November 20, 2018, and produced his own AT&T calling records, which referenced the specific call now at issue, to Defendant on December 31, 2018. As a result, Defendant argues that Plaintiff possessed the necessary information to determine that he was missing the incoming call log and request it. He did not do so for more than five months. Therefore, Defendant concludes that Plaintiff failed to show the due diligence necessary to establish good cause for his current extension request.

Defendant's argument is persuasive, especially because Plaintiff filed no reply brief objecting to Defendant's version of the facts or his due diligence argument. Undeveloped arguments are waived. *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 (7th Cir. 2007) (citing *Wang v. Gonzales*, 445 F.3d 993, 999 (7th Cir. 2006);

*Schwartz*, 422 F.3d 476, 477 n. 1 (7th Cir. 2005)). Without more, Plaintiff has not demonstrated due diligence and consequently, good cause necessary to justify an extension of the existing discovery deadline.

Moreover, Plaintiff has not indicated what discovery he wishes to conduct. Defendant reports what it expects Plaintiff's narrow discovery would entail, but Plaintiff has not confirmed it. Therefore, the Court must also assume that the additional discovery—no matter how narrow—would prejudice Defendant as it asserts.

Lacking good cause, the Court cannot consent to Plaintiff's requested extension and **DENIES** Plaintiff's motion. [DE 25].

**SO ORDERED** this 23rd day of May 2019.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge