UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLIN R. BUCHTEL,<br><br>　　　Plaintiff,<br><br>v.<br><br>21ST MORTGAGE CORPORATION,<br><br>　　　Defendant. | 3:18-cv-00580-JD<br><br>Honorable Judge Jon E. DeGuilio |

**PLAINTIFF'S MOTION TO VOLUNTARILY
DISMISS HIS COMPLAINT WITH PREJUDICE**

　　NOW comes MARLIN R. BUCHTEL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), and pursuant to Fed. R. Civ. P. 41(a)(2), brings this Motion to Dismiss his Complaint with prejudice, and in support thereof, states as follows:

　　1. On July 31, 2018, Plaintiff filed his Complaint seeking redress for 21st Mortgage Corporation's ("Defendant") alleged violations of the Telephone Consumer Protection Act ("TCPA") and the Indiana Deceptive Consumer Sales Act ("IDCSA"). [Dkt. 1].

　　2. On October 2, 2018, the Court entered an order setting the discovery deadline in this matter as May 14, 2019, and further ordering the parties to complete mediation by August 31, 2019. [Dkt. 14].

　　3. On May 29, 2019, after discovery had closed in this matter, the Court entered a dispositive motion deadline of June 28, 2019. [Dkt. 30].

　　4. On June 18, 2019, Defendant filed a Motion for Summary Judgment seeking judgment in its favor on all of Plaintiff's claims. [Dkt. 34].

5. Upon reviewing Defendant's dispositive motion and given the record evidence in this case, and further given Plaintiff's desire to avoid the time and costs of mediation, Plaintiff has determined he no longer wishes to pursue his claims against Defendant.

6. Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Dismissal under Rule 41(a)(2) is within the sound discretion of the Court. *Tyco Laboratories, Inc. v. Koppers Co., Inc.,* 627 F.2d 54, 56 (7th Cir. 1980). In exercising its discretion, a court must seek to prevent prejudice to the non-moving parties. *Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 45 (1st Cir. 1981). Generally speaking, plaintiffs should be permitted to dismiss their actions freely, unless the defendant would suffer plain legal prejudice. *See Ratkovich v. Smith Kline & French Laboratories,* 1990 U.S. Dist. LEXIS 1279, *8-9 (N.D. Ill. Feb. 2, 1990). Dismissing a case with prejudice is a protective measure designed to protect defendants from any prejudice stemming from a dismissal. *Id.*

7. Because the instant motion seeks a dismissal with prejudice, Defendant will suffer no legal prejudice as a result of dismissing the instant action. Therefore, Plaintiff should be permitted to dismiss his action freely.

WHEREFORE, Plaintiff, MARLIN R. BUCHTEL, respectfully requests that this Honorable Court grant Plaintiff's Motion to Dismiss his Complaint With Prejudice and for any further relief deemed just and appropriate.

DATED: July 16, 2019               Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148

(630) 568-3056 (phone)  
(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 16, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Indiana by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Nathan c. Volheim*  
Nathan C. Volheim  
Counsel for Plaintiff